

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 30, 1969

Honorable Jesse James
State Treasurer
Capitol Building
Austin, Texas    78711

Opinion No. M- 423

Re:    Whether Article 3272a,
       V.C.S., authorizes the
       State Treasurer to ex-
       change common stock that
       has escheated under said
       Article.

Dear Mr. James:

        In your recent letter to this office you requested
our opinion as to whether you have authority to exchange certain
common stock which has escheated to the state pursuant to Article
3272a, Vernon's Civil Statutes.

        The stock in question is 999 shares of American-
Amicable Life Insurance Company.  The Gulf Life Holding Company
of Jacksonville, Florida, has made an exchange offer to American-
Amicable stockholders whereby one share of Gulf Life Holding
Company common stock will be issued for two and one-half shares
of American-Amicable common stock.  The prospectus in which Gulf
Life made the exchange offer contains the following statement:

        ". . .'There is currently only a very
        limited and very restricted market for American-
        Amicable Life Insurance Company Common Stock.
        You should consider carefully whether you wish
        to continue to hold stock in a company for which
        there is only a limited and restricted market,
        and with respect to which any market which does
        exist may be affected when we discontinue our
        present practice of continuing to accept shares
        of American-Amicable Life Insurance Company for
        exchange on a voluntary basis.'"

        The transaction about which you inquire does not arise
from a merger or consolidation of the two corporations.  It is
simply an offer on the part of Gulf Life Holding Company to
issue one share of its stock for each two and one-half shares
of American-Amicable stock tendered to it.

        The only authority which the State Treasurer has with

regard to the disposition of personal property, other than money, which has been delivered to him under Article 3272a, is found in Section 5 which reads as follows:

"(a)  All abandoned property other than money delivered to the State Treasurer under this Article which has been escheated and the title thereto vested in the State of Texas shall be sold by the State Treasurer to the highest bidder at public sale in whatever city in the State in his judgment affords the most favorable market for the property involved. The State Treasurer may decline the highest bid and reoffer such property for sale if he considers such bid insufficient. He need not offer any property for sale, if, in his opinion, the probable cost of sale is in excess of the value of the property.

"(b)  Any sale held under this Section shall be preceded by a single publication of notice thereof at least three (3) weeks in advance of sale in an English language newspaper of general circulation in the county where the property is to be sold, which shall be paid for at the rate provided in Article 29, Vernon's Civil Statutes.

"(c)  The purchaser at any sale conducted by the State Treasurer pursuant to this Section, shall receive title to the property purchased, free from all claims of the owner or prior holder thereof, and of all persons claiming through or under them. The State Treasurer shall execute all documents necessary to complete the transfer of title."

It does not appear from your letter of request that the offer in question was received as a result of the procedures set forth in Section 5. However, in view of the facts before us, this does not become material because the transaction cannot be considered to be a sale. While it is true that in its broadest sense a sale includes a transfer of property from one person to another for a valuable consideration, there is a distinction in law between a sale and an exchange. If property belonging to one party is transferred to another and in return he receives property belonging to the other party without having placed an agreed monetary value on the properties, the transaction is an exchange rather than a sale. 24 Tex.Jur.2d 433, Exchange of

Mr. Jesse James, page 3 (M-423)


Property 82. As we understand the facts, the offer in question is made without regard to the value of the two stocks. In our opinion, the transaction would constitute an exchange rather than a sale. We find no provision of Article 3272a which would authorize the State Treasurer to make an exchange of personal property delivered to him pursuant to said Article and therefore advise you that you cannot accept the offer made by Gulf Life Holding Company.

### S U M M A R Y

Article 3272a, V.C.S., does not authorize the State Treasurer to exchange escheated corporate stock for stock of another corporation pursuant to an exchange offer. Such property may only be disposed of by following the sale procedures of Section 5 of Article 3272a.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by W. O. Shultz
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Roy W. Mouer
Michael Stork
John Grace
Arthur Sandlin

Hawthorne Phillips,
Executive Assistant